**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

In Re SUNRISE SENIOR LIVING, INC.    )
Derivative Litigation

_____)    Civil Action No. 1:07CV00143
    Judge Reggie B. Walton

This Document Relates To:

    ALL ACTIONS

_____)

**INDIVIDUAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY[1]**

Plaintiffs' motion to partially lift the discovery stay in this case is squarely at odds with

the requirements of the Private Securities Litigation Reform Act ("PSLRA") and therefore must

be rejected.  The PSLRA provides:

> In any private action arising under this chapter [15 USCS §§ 78a et seq.], all
> discovery and other proceedings shall be stayed during the pendency of any
> motion to dismiss, <u>unless the court finds upon the motion of any party that
> particularized discovery is necessary to preserve evidence or to prevent undue
> prejudice to that party</u>.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  "The burden of establishing the need for a partial

lifting of the discovery stay . . . is a heavy one."  *In re Fannie Mae Sec. Litig*., 362 F. Supp. 2d

37, 38 (D.D.C. 2005).  Plaintiffs' Memorandum in support of their motion ("Pls.' Mem.") offers

little reason to believe that they will be prejudiced by the stay or that the stay must be lifted in

order to preserve evidence.  Plaintiffs have failed to meet this "heavy burden," and their motion

must be denied.

First, plaintiffs have failed to establish that they would be prejudiced by the discovery

---

1    For purposes of this Memorandum, the "Individual Defendants" do not include defendant
Bradley R. Rush, who is separately represented.

stay.  Under the PSLRA, a stay may create undue prejudice when it causes plaintiffs to "face[]

the very real risk that [they] will be left to pursue [their] action against defendants who no longer

have anything or at least as much to offer," because of bankruptcy or some other extreme

financial distress, leaving plaintiffs without a remedy.  *In re WorldCom, Inc. Sec. Litig.*, 234 F.

Supp. 2d 301, 306 (S.D.N.Y. 2002);  *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, Nos. MDL-

1446, Civ.A. H-01-3624, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002).  Plaintiffs have

made no case that the discovery stay jeopardizes their prospects of making a recovery.  Unable to

make this showing, plaintiffs attempt to avoid the plain meaning of the PSLRA by insisting that

the stay be partially lifted because Sunrise would not be unduly burdened.  But "burden" is not

the standard set by the PSLRA; "prejudice" is the standard, and plaintiffs have failed to meet it.

Second, plaintiffs concede that they must establish that lifting the stay is necessary to

preserve evidence, Pls.' Mem. at 4,  but they fail entirely to do so.  Plaintiffs mention in passing

that "documents may be lost and recollections of [relevant] events may continue to fade," *id*. at 9,

but such casual observations clearly are insufficient to justify lifting the stay.  *Sarantakis v.

Gruttadauria*, No. 02 C 1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002) ("A party

alleging that discovery is necessary to preserve evidence must present more than mere

generalizations of fading memories and allegations of possible loss or destruction.").  Moreover,

the PSLRA requires defendants to preserve evidence.  *See* 15 U.S.C. § 78u-4(b)(3)(C).  Plaintiffs

do not contend that any defendant has failed to meet the PSLRA's requirements, and do not offer

any reason to believe that compliance with the PSLRA is insufficient to preserve evidence.

Plaintiffs have failed to make the findings required by the plain text of the PSLRA to

justify lifting the discovery stay, and therefore their motion must be denied.

## CONCLUSION

For these reasons, and for the additional reasons set forth in Nominal Defendant Sunrise

Senior Living, Inc's Memorandum in Opposition to Plaintiffs' Motion to Partially Lift Discovery

Stay, which the Individual Defendants adopt, Plaintiffs' motion must be denied.

Respectfully Submitted,

Dated: May 30, 2008          **GIBSON DUNN & CRUTCHER, LLP**

/s/ John C. Millian
John C. Millian (DC Bar 413721)
Matthew R. Estabrook (DC Bar 477880)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 955-8500
Facsimile:    (202) 467-0539

*Attorneys for Defendants Carl Adams, Ronald V.
Aprahamian, Craig R. Callen, Thomas J. Donohue,
Richard A. Doppelt, David W. Faeder, John F.
Gaul, J. Douglas Holladay, Larry E. Hulse, Paul L.
Klaassen, Teresa M. Klaassen, Pete A. Klisares,
William Little, J. Willard Marriott, Jr., Scott F.
Meadow, Darcy Moore, Thomas B. Newell, Robert
R. Slager, Christian B.A. Slavin, Timothy S. Smick,
Brian C. Swinton, Tiffany L. Tomasso*

Dated: May 30, 2008          **WILLIAMS & CONNOLLY, LLP**

/s/ Philip A. Sechler
Philip A. Sechler (DC Bar 426358)
Scott K. Dasovich (DC Bar 975575)
725 12th Street, N.W.
Washington, DC 20005
Telephone:     (202) 434-5000
Facsimile:      (202) 434-5029

*Attorneys for Defendant David G. Bradley*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing, Individual Defendants' Memorandum In Opposition To

Plaintiffs' Motion To Partially Lift Discovery Stay, was served this 30th day of May 2008, in

accordance with the Court's CM/ECF Guidelines.  In addition, the forgoing was served this 30th

day of May 2008, via first-class mail, postage prepaid, on:

George R. Murphy
Mark Hanna
Joni S. Jacobs
DAVIS, COWELL & BOWE, LLP
1701 K. Street NW, Suite 210
Washington, DC 20006

Eric L. Zagar
Michael C. Wagner
J. Daniel Albert
SCHIFFRIN BARROWAY TOPAZ
& KESSLER LLP
280 King of Prussia Road
Radnor, PA 19087

Maya Saxena
Joseph White
SAXENA WHITE, P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431

Brian J. Robbins
Felipe J. Arroyo
Ashley R. Palmer
ROBBINS, UMEDA, & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA  92101

*Co-Lead Counsel for Plaintiffs*

/s/ Matthew R, Estabrook
Matthew R. Estabrook
mestabrook@gibsondunn.com