## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
In Re SUNRISE SENIOR LIVING, INC.         )
Derivative Litigation                     )          Civil Action No. 1:07CV00143
_____)          Judge Reggie B. Walton
                                          )
This Document Relates To:                 )
                                          )
        ALL ACTIONS                       )
_____)

### MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO LEAD PLAINTIFF'S MOTION TO PARTIALLY LIFT DISCOVERY STAY BY NOMINAL DEFENDANT SUNRISE SENIOR LIVING, INC.'S

Nominal Defendant Sunrise Senior Living, Inc.("Sunrise"), hereby requests leave to file the attached four-page Sur-Reply in Opposition to Lead Plaintiffs' Motion to Partially Lift Discovery Stay (the "Sur-Reply," Exhibit 1 hereto).

The grounds for this motion are as follows:

1.      In their Motion to Partially Lift Discovery Stay, Lead Plaintiffs seek to compel production of documents previously provided by Sunrise to the Securities and Exchange Commission and documents provided by Sunrise to plaintiffs in the derivative action pending in the Delaware Chancery Court (the "Delaware Derivative Suit"), and also to conduct depositions after the requested documents are produced, claiming that such relief is necessary to prevent undue prejudice and to preserve evidence.

2.      On May 30, 2008, Sunrise filed its Opposition to Lead Plaintiffs' Motion to Partially Lift Discovery Stay, asserting that lifting the stay was unnecessary to prevent undue prejudice or preserve evidence and that, more fundamentally, Lead Plaintiffs' request for what can only be described as merits discovery violates the stay on discovery mandated by the federal securities law and rules of civil procedure, as well as applicable Delaware law.

3.      On June 10, 2008, Lead Plaintiffs filed their Omnibus Reply Memorandum in Further Support of Their Motion to Partially Lift Discovery Stay (the "Reply").

4.      Sunrise requests leave to file the attached Sur-Reply, otherwise it "would be unable to contest matters presented to the court for the first time" in Lead Plaintiffs' Reply, see Alexander v. F.B.I., 186 F.R.D. 71, 74 (D.D.C. 1998).

5.      Specifically, Lead Plaintiffs assert in their Reply that:

    a.      Plaintiffs merely seek the same discovery provided to the plaintiffs in the Delaware Derivative Suit.

    b.      Discovery has been opened in the Delaware Derivative Suit.

    c.      Sunrise has admitted that information relevant to this suit has been destroyed.

    d.      Sunrise has taken inconsistent positions in this suit and the Delaware Derivative Suit with respect to its requests that these suits be stayed.

    e.      Cases cited therein permit discovery before a Rule 23.1 motion has been decided.

WHEREFORE, Sunrise requests that its Motion for Leave to File Sur-Reply in Opposition to Lead Plaintiffs' Motion to Partially Lift Discovery Stay be granted, and that the attached four-page Sur-Reply be deemed filed and served as of the date of this motion

Respectfully Submitted,

HOGAN & HARTSON LLP

By:     /s/  Jon M. Talotta
        George H. Mernick, III (D.C. Bar No. 294256)
        Columbia Square
        555 Thirteenth Street, NW
        Washington, D.C. 20004
        Telephone:  (202) 637-5726
        Fax:  (202) 637-5910
        E-mail:  GHMernick@hhlaw.com

        N. Thomas Connally (D.C. Bar No. 448355)
        Jon M. Talotta (D.C. Bar No. 473626)
        8300 Greensboro Drive, Suite 1100
        McLean, VA 22102
        Telephone:  (703) 610-6100
        Fax:  (703) 610-6200
        E-mail:  NTConnally@hhlaw.com
        E-mail:  JMTalotta@hhlaw.com

Dated:  June 13, 2008                *Attorneys for Nominal Defendant*
                                     *Sunrise Senior Living, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on June 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed via U.S. Mail, postage prepaid, a copy of the foregoing to:

George R. Murphy
Mark Hanna
Joni S. Jacobs
DAVIS, COWELL & BOWE, LLP
1701 K Street NW, Suite 210
Washington, DC 20006

*Liaison Counsel for Plaintiffs*

Eric L. Zagar
Michael C. Wagner
J. Daniel Albert
SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA  19087

Maya Saxena
Joseph White
SAXENA WHITE P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL  33431

Brian J. Robbins
Felipe J. Arroyo
Ashley R. Palmer
ROBBINS, UMEDA, & FINK LLP
610 West Ash Street, Suite 1800
San Diego, CA  92101

*Co-Lead Counsels for Plaintiffs*

John C. Millian
Matthew R. Estabrook
GIBSON DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Attorneys for Defendants Carl Adams, Ronald V. Aprahamian,
Craig R. Callen, Thomas J. Donohue, Richard A. Doppelt, David
W. Faeder, John F. Gaul, J. Douglas Holladay, Larry E. Hulse,
Paul L. Klaassen, Teresa M. Klaassen, Pete A. Klisares, William
Little, J. Willard Marriott, Jr., Scott F. Meadow, Darcy Moore,
Thomas B. Newell, Robert R. Slager, Christian B.A. Slavin,
Timothy S. Smick, Brian C. Swinton, Tiffany L. Tomasso*


John M. Dowd
Jeffrey M. King
Elizabeth C. Peterson
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036

*Attorneys for Defendant Bradley R. Rush*


Philip A. Sechler
Vidya Atre Mirmira
Scott K. Dasovich
WILLIAMS & CONNOLLY, LLP
725 12th Street, N.W.
Washington, DC 20005

*Attorneys for Defendant David G. Bradley*


                        /s/      Jon M. Talotta
                        Jon M. Talotta (DC Bar 473626)
                        HOGAN & HARTSON, LLP
                        8300 Greensboro Drive, Suite 1100
                        McLean, Virginia  22102
                        Telephone:   (703) 610-6100
                        Facsimile:   (703) 610-6200
                        E-mail:  jmtalotta@hhlaw.com

                        *Attorney for Nominal Defendant
                        Sunrise Senior Living, Inc.*

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              )
In Re SUNRISE SENIOR LIVING, INC.             )
Derivative Litigation                         )          Civil Action No. 1:07CV00143
_____)          Judge Reggie B. Walton
                                              )
This Document Relates To:                     )
                                              )
     ALL ACTIONS                              )
_____)

### SUR-REPLY IN OPPOSITION TO
### LEAD PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY
### BY NOMINAL DEFENDANT SUNRISE SENIOR LIVING, INC.

For its Sur-Reply in Opposition to Lead Plaintiffs' Motion to Partially Lift

Discovery Stay (the "Sur-Reply"), nominal defendant Sunrise Senior Living, Inc. ("Sunrise")

states the following:

1.    Lead Plaintiffs' requests for and arguments concerning documents

previously produced to the Securities and Exchange Commission (the "SEC") are simply a red

herring:

a.    In the very first sentence of their Reply, Lead Plaintiffs

falsely claim that they seek only "the same discovery that the Delaware Chancery

Court ordered be produced to the Delaware derivative plaintiffs."  However, the

Delaware Chancery Court did not order the production of documents produced to

the SEC, the Delaware plaintiffs have not requested those documents, nor have

they received them.

b.    Lead Plaintiffs are not competing with the SEC for

anything.  The only parties competing here are Co-Lead Counsel and plaintiffs'

counsel in the derivative suit pending in Delaware Chancery Court (the Delaware Derivative Suit"), because in each of those substantially identical cases, any ultimate recovery would be for the benefit of, and paid to, Sunrise rather than to any shareholder plaintiffs. The open quarrel between Co-Lead Counsel in this suit and plaintiffs' counsel in the Delaware Derivative Suit, see Reply at 1, 5-6 (arguing that plaintiffs' counsel filed a "tag-along" suit in the Delaware Chancery Court and should not be permitted to control the Sunrise derivative litigation), does not in any sense constitute a showing that any prejudice would be suffered by their shareholder plaintiff clients.

      c.     Lead Plaintiffs offer no basis (because there is none) for their assertion that this suit and the SEC investigation are "identical." Pls.' Reply at 7. Indeed, the assertion that "there is no indication in the record that the issues being investigated are somehow broader than those [here]," see Reply at 7, conclusively undermines Lead Plaintiffs' own position. As the moving party, Lead Plaintiffs have the burden to establish that their requests are particularized to include only those documents needed to alleviate their alleged prejudice. The admitted absence of any evidence to make such a showing simply confirms that Lead Plaintiffs' request is founded on mere speculation.

2.     Contrary to Lead Plaintiffs' assertions, Reply at 5-6, discovery is not proceeding in the Delaware Derivative Suit. The Chancery Court granted the plaintiffs "a limited procedural right" to examine certain documents that the Court determined were necessary to permit those plaintiffs to respond to an isolated issue in the defendants' motions to dismiss the Delaware complaint. Sunrise Opp'n. at 5-6. That is the sole extent of the "discovery" that the

Delaware plaintiffs have received.  The instant case has no parallel, as defendants' motions to dismiss the operative complaint here have not yet even been filed.

3.    Contrary to Lead Plaintiffs' assertions, Reply at 6, Sunrise has never stated that any documents relevant to the SEC investigation or the pending Sunrise litigations have been destroyed.  Although a former employee dismissed more than one year ago failed to comply with a Sunrise document retention directive, see Am. Compl. ¶¶ 233-34, there is no basis for Lead Plaintiffs to assert that relevant information was destroyed.  Moreover, this evidence-preservation argument is illogical because the documents that Lead plaintiffs are requesting have already been produced to someone else and thus, by definition, they have not been and could not be destroyed.

4.    Contrary to Lead Plaintiffs' assertions, Reply at 5-6, Sunrise's positions in this suit and the Delaware Derivative Suit have been and remain consistent.  Both derivative suits – the instant suit, and the Delaware Derivative Suit – should be dismissed and, if not dismissed, should be stayed until the federal securities class action pending in this Court is resolved.  Compare Sunrise's memorandum in support of its motion to dismiss the original consolidated complaint in this suit (Docket No. 39 at 36-39), with Sunrise's motion to dismiss the amended complaint in the Delaware Derivative Suit.   Ex. B to Lead Plaintiffs' Reply at 39-44.  Indeed, Sunrise has urged, and continues to urge, in the Chancery Court that the Delaware Derivative Suit should be dismissed for the separate reason that the suit in this Court was filed first.  Id.  These positions have nothing to do with Sunrise's opposition to the requested discovery.

5.    Finally, none of the cases cited by Lead Plaintiffs allowed discovery before a Rule 23.1 motion was resolved.  In Fleischman  v. Huang, 2007 WL 241036, at *4 (Del. Ch. August 22, 2007), the court allowed a "limited procedural right" because of issues raised in

the briefing of a motion to dismiss – which is <u>not</u> the situation here.  There was no Rule 23.1

motion pending either in <u>Turner Broad. Sys. v. Tracinda Corp.</u>, 175 F.R.D. 554 (D. Nev. 1997),

or in <u>Skellerup Indus. v. City of Los Angeles</u>, 163 F.R.D. 598 (C.D. Cal. 1995), because those

cases were <u>not</u> derivative actions.  <u>1</u>/

<u>**CONCLUSION**</u>

For these reasons, and for the reasons stated in Sunrise's Opposition, the Court

should deny Lead Plaintiffs' Motion to Partially Lift Discovery Stay in its entirety.

Respectfully Submitted,

HOGAN & HARTSON LLP

By:   /s/  Jon M. Talotta_____
George H. Mernick, III (D.C. Bar No. 294256)
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
T: (202) 637-5726
F: (202) 637-5910
GHMernick@hhlaw.com

N. Thomas Connally (D.C. Bar No. 448355)
Jon M. Talotta (D.C. Bar No. 473626)
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
T: (703) 610-6100
F: (703) 610-6200
NTConnally@hhlaw.com
JMTalotta@hhlaw.com

DATED: June 13, 2008                    *Attorneys for Nominal Defendant*
                                        *Sunrise Senior Living, Inc.*

---

<u>1</u>/        As for, <u>Gunther v. Tomasetta</u>, No. 2:06-cv-02529-R, slip. op. (C.D. Cal. Oct. 2, 2006), the cited opinion does not appear to be available on Lexis, Westlaw or PACER, and Lead Plaintiffs failed to attach a copy of the decision to their Reply.  As such, the <u>Gunther</u> opinion should be disregarded because it has not been provided to the Court or Sunrise.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

——————————————————————
                                                          )
In Re SUNRISE SENIOR LIVING, INC.        )
Derivative Litigation                                )        Civil Action No. 1:07CV00143
——————————————————————)        Judge Reggie B. Walton
                                                          )
This Document Relates To:                       )
                                                          )
       ALL ACTIONS                                )
——————————————————————)

**O R D E R**

AND NOW, this _____ day of _____, 2008, upon consideration of nominal

defendant Sunrise Senior Living, Inc.'s Motion for Leave to File Sur-Reply in Opposition to

Lead Plaintiffs' Motion to Partially Lift Discovery Stay ("Sunrise's Motion"), filed on June, 13,

2008,

It shall be and hereby is ORDERED that,

(a) Defendants' request for leave to file a sur-reply is GRANTED; and

(b) the Sur-Reply in Opposition to Lead Plaintiffs' Motion to Partially Lift

Discovery Stay, attached as Exhibit 1 to Sunrise's Motion, shall be deemed to have been filed

with the Court and served as of June 13, 2008, the date Sunrise's Motion was filed.

BY THE COURT:

_____
The Honorable Reggie B. Walton
United States District Court Judge